JOHN MILLS *vs.* THE PRESIDENT, DIRECTORS, &c. OF THE WESTERN BANK.

A. paid money as indorser on notes discounted by a bank under an arrangement contrary to Rev. Sts. c. 36, § 58, and the bank was not allowed to recover the balance due on such notes. *Held*, that A. being a party to the illegal agreement, could not recover from the bank the money paid in part performance of it.

ASSUMPSIT, brought originally in this court, and submitted upon an agreed statement of facts, the substance of which sufficiently appears in the opinion of the court.

*W. G. Bates & H. Vose,* for the plaintiff.

*S. Bartlett & G. Ashmun,* for the defendants.

SHAW, C. J. This action was brought by the plaintiff against the defendant bank, to recover back money, as money paid by the plaintiff to their use, or received by the defendants to the use of the plaintiff. It comes before the court on a statement of facts. The statement is somewhat long and complicated, and it may not be necessary to give more than a brief abstract of it.

The plaintiff, John Mills, formerly indorsed accommodation notes, for the firm of Dean, Packard, and Mills, to be negotiated at the bank of the defendants, under an arrangement which has been held to be illegal, so that the plaintiff was not legally hólden to the bank by his indorsement. *Western Bank* v. *Mills,* 7 Cush. 539. Dean, Packard, and Mills, failed and

went into insolvency. Without recapitulating the particular facts in the agreed statement, it will be sufficient for the purpose of the present inquiry to state, that at or about the time of the failure, various proposals were made, and arrangements were entered into by these parties, under some of which the plaintiff placed in the defendants' hands collateral securities for his indorsements, upon which the bank, before the commencement of this action, had received the sums sought to be recovered back by this action.

In a former action between these parties, above cited, it was decided that the arrangement or contract under which the notes in question were discounted, was illegal and void, under Rev. Sts. *c.* 36, § 58, by which not only such an arrangement is prohibited, but it is declared an offence, for which the bank committing it is subjected to a punishment by fine. This statute was made upon obvious considerations of public policy, as part of a system regulating the practice of banking and the conduct of banks, and was designed for the security and protection of the public.

By the facts agreed in the present case, it appears to us that the plaintiff was a party to the arrangement or contract thus declared to be illegal. It was an agreement to discount a given amount of accommodation notes, the proceeds not to be payable on demand in specie, but a portion of them to be retained by the bank on deposit without interest, contrary to the statute ; these notes were agreed to be the notes of Dean, Packard, and Mills, as promisors, and the plaintiff as indorser. The proposed arrangement was made known to him, and he assented to it; without his concurrence it could not have been made, and so he was a party to it.

Supposing this contract to be against law and void, the court are of opinion upon general principles, that the plaintiff cannot maintain an action to recover back money paid in the execution and performance of it. When collateral security is placed by a debtor with his creditor, with authority to convert the same into money, by collection, if it consist of *choses in action*, the money, when received, enures by way of payment and extinguishment of the debt, fully or *pro tanto*, as it equals or

falls short of the debt secured. It requires no further act on the part of the debtor, to apply it and give it the effect of actual payment. Now the law will no more lend its aid in recovering back money paid in the performance and execution of an illegal contract, than it will in enforcing it where it remains to be performed.

But there is another consideration applicable to this case, which alone would seem to be decisive. The statute in question, which prohibits under a penalty the mode of loaning and discounting, against which it is levelled, proceeds to declare that every loan or discount made contrary to its provisions shall be so far void that the bank shall not be enabled to recover the amount thereof from the borrower or from any other person. The provision that it shall be so far void, carries an inevitable implication that it is not void in all respects. Providing that the bank can maintain no action to recover it, implies that if they obtain payment by the voluntary act of the borrower, or of any other person, without the aid of the law, it is not received on a void contract, but in the execution and performance of a contract, so far binding as to warrant them, if voluntarily paid, to hold the amount for their own use. It is a provision obviously consonant with the general principle above expressed, that the law will not lend its aid to enforce performance of an illegal contract, nor to recover back money paid in execution of it.

Under the circumstances in which the bank recei. d the money, as proceeds of notes voluntarily placed by the plaintiff in their hands as collateral security, it was a debt voluntarily paid by the plaintiff, and though they could not maintain an action against him to recover it, he can maintain no action against them to recover it back.

*Judgment for the defendants.*